WESTERN DIST.
*October*, 1836.

KELSO
*vs.*
BEAMAN.

### KELSO *vs.* BEAMAN.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

A purchaser at public sale of a right or debt alleged to be due by another,
becomes the assignee of him who was the supposed creditor and owner
of the claim; and he cannot exercise the rights thus acquired in any
manner than the supposed creditor or assignor could have done.

As assignee, a party cannot avail himself of any fraud or collusion between
the assignor and the debtor, against whom he seeks to enforce his claim.

This is an action to recover the amount of a debt due by
the defendant, to one Gilbert C. Russell, which the plaintiff
purchased at sheriff's sale.

The principal facts were reported when the case was
formerly before this court. See 6 *Louisiana Reports*, 87.

In August, 1828, one J. W. Wing, as agent of Russell,
mortgaged certain slaves and a plantation, belonging to the
latter, to C. Beaman, ostensibly to secure seven thousand
eight hundred and ninety dollars, but which in fact, accord-
ing to a settlement between the parties in January, 1829,
only amounted to three thousand five hundred and forty-two
dollars, for which the mortgage was recognized and ratified
by Russell himself.

In October, 1829, Russell being in embarrassed and
insolvent circumstances, several judgment creditors of his
levied executions on the mortgaged property in Beaman's
hands, and sold all Russell's interest therein, and which was
purchased in by Beaman for nine thousand eight hundred
and ninety dollars, being two thousand dollars more than
the nominal amount of his mortgage. At this sale the parish
judge's certificate was read, setting forth Beaman's mortgage
for the entire nominal amount, for which it had been given
originally, to wit : the sum of seven thousand eight hundred
and ninety dollars, and that the purchaser must bid over and
above this sum, before the mortgaged premises could be sold.

The plaintiff further alleges that Beaman became justly indebted to Russell, for whatever amount the nominal mortgage of seven thousand nine hundred and eighty dollars exceeded the sum originally due from Russel, to wit: the sum of four thousand three hundred and forty-eight dollars.

He further shows that he being also a judgment creditor of G. C. Russell, he levied his execution on this debt in Beaman's hands, and on the 25th February, 1834, the whole together, with all G. C. Russell's right, title and interest was adjudicated to him, the petitioner, of all which proceedings Beaman had due notice. He further alleges, that Beaman is now indebted to him for the sum of five thousand dollars, including the above debt, interest and costs; but that there has been fraud and collusion between the said Russell and Beaman, for the purpose of defeating the just creditors of the former, and by reason of this Beaman is indebted to him for said sum. He prays judgment for the amount of his said demand.

The defendant pleaded the general issue, and denied specially that he was or is now indebted to G. C. Russell, in any manner whatever. He further avers that the questions involved in this suit, between the same parties, have been finally decided in favor of the defendant, wherefore he pleads *res judicata;* and finally in this court the prescription of one year.

The evidence showed that at the time Beaman purchased the property in at sheriff's sale, Russell was then, and previously, insolvent. Beaman was an overseer on Judge Johnston's plantation, and in moderate circumstances. That he continues to hold the negroes purchased in by him, except those that died, to the number of about twenty.

Thomas, a witness for plaintiff, states that he had executions against Russel, and told Beaman he must bid the amount of them, or he, witness, would bid in the property, if he would not agree to pay them off. That Beaman was aware of the amount that witness had in his hands against the property, and the conveyance he had of the slaves from Russell, and also the possession and counter

letter witness had given Russell. That Beaman gave his twelve months' bond for the amount of the sale of the slaves, over and above the amount of his mortgage, and paid witness about one thousand two hundred dollars over that. Witness says he would not have given the amount of Beaman's nominal mortgage for the property, subject to certain suits *vs.* Russell, called the Montgomery claims. That he expects as attorney of Montgomery, to recover a large amount; and that he considers Beaman had a hard bargain, &c.

. The district judge gave judgment for the defendant, from which the plaintiff appealed.

*Dunbar*, for the plaintiff.

*Thomas*, contra.

*Martin, J.*, delivered the opinion of the court.

The facts of this case are briefly these. In 1828, G. C. Russell mortgaged to the defendant, a plantation and slaves for the sum of seven thousand eight hundred and ninety dollars.

In the month of October, 1829, the mortgaged premises were seized and sold, at the instance of several judgment creditors of Russell, and was purchased in by the defendant Beaman, for the sum of two thousand dollars, above the amount of his mortgage.

Afterwards, to wit: on the 23d of October, 1829, Russell and Beaman entered into a written agreement, in which they declare and stipulate, "that if the said G. C. Russell shall pay to him (Beaman,) the said sum of two thousand dollars, and also the sum of three thousand five hundred and forty-two dollars, being the true balance, in fact, due on the above mortgage, as appears by an instrument filed in the office of the parish judge of Rapides, dated the 17th January, 1829, or such an amount as may be fixed on under a reservation in said instrument; as well as all such costs and charges, and interest, as may be justly due thereon; and also such sum as he (Beaman) may be bound to pay on the

final decision of a suit now pending in favor of Elijah Mont- WESTERN DIST.
gomery against said Russell, on account of said property, October, 1836.
and all costs, interest and charges he may be at in defending
said suit; also, whatever sum he may pay on account of judg- KELSO
ments or liens on said property; then, and in that case, he BEAMAN.
(Beaman) obligates himself to re-convey said property to the
said Russell, provided the said payments be made on or
before the first of January, 1831."

" And it is moreover understood, that the purchase of the
said property was made at the instance and request of the
said Russell, and that he (Russell) renounces any claim he
might have against the said Beaman on account of the dif-
ference between the price of the aforesaid negroes and the
aforesaid sum of three thousand five hundred and forty-two
dollars, fixed on as before stated, as the true sum due the
said Beaman on the aforesaid mortgage."

In February, 1834, the plaintiff purchased, at a sheriff's
sale " the whole debt due by Beaman to Russell, and all the
right,' title and interest which the said Russell might have
in and to any species of property in the hands of said
Beaman, either real or personal, rights or credits, or any
balance which might be due from the said Beaman to the
said Russell."

The present action is brought to recover the sum of five
thousand dollars, which is alleged to be due to the plaintiff
on account of his purchase.    There is also an allegation, that
there has been fraud and collusion between the said Russell
and Beaman, for the purpose of defeating the just creditors
of the former.

The defendant pleaded the general issue.    There was
judgment in his favor, and the plaintiff appealed.

The appellant stands before us as the assignee of Russell's
rights, and cannot exercise them in any other manner than
Russell could before the assignment.    These rights result
from the instrument bearing date the 23d October, 1829.
We have looked there in vain for any clause that might
authorize in Russell an absolute demand of five thousand
dollars, or any other sum.    He might indeed, under that

A purchaser
at public sale
of a right or
debt alleged to
be due by ano-
ther, becomes
the assignee of
him who was the
supposed credi-
tor and owner of
the claim, and
he cannot exer-
cise the rights
thus acquired in
any other man-
ner than the sup-
posed creditor
or assignor could
have done.

WESTERN DIST.
*October*, 1836.

instrument, on a payment or tender of certain sums of money, and on showing the release of the defendant from the responsibilities which he had incurred for Russell, have demanded a reconveyance of the mortgaged premises, and an account of the revenues produced by them. This he has not done. And it is even doubtful whether it could have been done after the expiration of the time limited in the instrument.

As assignee of Russell, the plaintiff could not have availed himself of any fraud or collusion between the former and the defendant. If this fraud gave any action to the creditors of the former, it was, perhaps, restricted to a demand of the rescission of the sale under which the defendant had acquired the mortgaged property. This right could only have been exercised by instituting suit within the year.

In relation to the charge of fraud and collusion, we are without any evidence except that which is presented to us in the transaction, of which the instrument, dated the 23d of October, 1829, is the evidence. We are not ready to say that any fraud or collusion is shown, or results therefrom.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.